UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

```
IN RE:                          )
                                )    Chapter 7
BRENDA JEAN HEATH and           )
BRETT ALAN HEATH,               )
                                )    Bankruptcy No. 08-01919
    Debtors.                    )
                                )
LOCKSPERTS, INC.,               )
                                )    Adversary No. 08-09160
    Plaintiff,                  )
                                )
vs.                             )
                                )
BRENDA JEAN HEATH and           )
BRETT ALAN HEATH,               )
                                )
    Defendants.                 )
```

**ORDER RE: MOTION FOR SUMMARY JUDGMENT**

This matter came before the undersigned on April 3, 2009 for telephonic hearing on the Motion for Summary Judgment filed by Plaintiff. Plaintiff was represented by Attorney David Roth. Debtors/Defendants were represented by Attorney James Peters. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**STATEMENT OF THE CASE**

Plaintiff's adversary complaint seeks to except debt from discharge for fraud under § 523(a)(2)(A). The debt arises from a state court judgment based on allegations that Debtors stole money and made unauthorized payments to themselves from Plaintiff's business. A copy of the April 18, 2008 "Findings of Fact, Conclusions of Law and Ruling" in Locksperts, Inc. v. Heath et al, Black Hawk County Case No. EQCV09811 (hereinafter "State Court Ruling"), and a related Order dated May 21, 2008 are attached to Plaintiff's Complaint herein.

Plaintiff moves for summary judgment. It asserts the State Court Ruling includes findings that Debtors had stolen from Plaintiff and improperly paid themselves severance and other benefits. Plaintiff argues that Debtor Brenda Heath acknowledged that part of the debt was fraudulently acquired and the State

Court determined that the remainder of the judgment was likewise based on fraud.

In response to the Motion for Summary Judgment, Debtors filed affidavits.  They state that Debtor Brenda Heath, in the state court action, did not deny the allegation of theft of $6,293.39.  Debtor Brett Heath, however, was not aware of the theft until the lawsuit was filed and he only conceded to that portion of the judgment because the allegedly stolen funds were deposited in Debtors' joint bank account.  Debtors state the remainder of the judgment was based on breach of contract from paying themselves for unused sick leave and vacation time.

At the hearing, counsel for Debtors conceded that the State Court Ruling contains sufficient findings for this Court to conclude that the portion of the judgment based on Debtor Brenda Heath's theft, or $6,293.39, is excepted from Ms. Heath's discharge under § 523(a)(2).  Debtors continue to argue, however, that the remainder of the judgment, $4,898.30 is included in Ms. Heath's discharge and the total judgment, $11,191.69 is included in Mr. Heath's discharge.

## CONCLUSIONS OF LAW

Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056.  A genuine issue of material fact exists when (1) there is probative evidence supporting the non-moving party and (2) the evidence goes to a fact impacting the outcome of the dispute under the controlling substantive law in the case.  Anderson v. Liberty Lobby, 477 U.S. 242, 248-49 (1986).  Summary judgment should be granted if the moving party can demonstrate that there is no need for trial on an issue because there is not sufficient evidence supporting the nonmoving party.  Id. at 249.  The court views the record in the light most favorable to the nonmoving party and affords that party all reasonable inferences.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); In re Patch, 526 F.3d 1176, 1180 (8th Cir. 2008).

The Bankruptcy Code provides that discharge does not include any debt which was obtained by "false pretenses, a false representation, or actual fraud."  11 U.S.C. § 523(a)(2)(A). Five elements must be satisfied before a debt is excepted from discharge under § 523(a)(2)(A): (1) the debtor made false representations; (2) the debtor knew the representations were false at the time they were made; (3) the debtor made the representations with the intention and purpose of deceiving the

creditor; (4) the creditor justifiably relied on the representations, Field v. Mans, 516 U.S. 59, 72 (1995); and (5) the creditor sustained the alleged injury as a proximate result of the representations having been made. In re Van Horne, 823 F.2d 1285, 1287 (8th Cir. 1987); In re Swanson, 398 B.R. 328, 335 (Bankr. N.D. Iowa 2008). Plaintiff must prove the elements of this exception to discharge by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 283 (1991).

Debtors' affidavits state that, except for the $6,293.39 alleged theft of funds by Debtor Brenda Heath, the remainder of the judgment against her and the entire judgment against Debtor Brett Heath do not arise from any fraud on Debtors' part. They state the payments of funds to themselves from Plaintiff's business were not made with any fraudulent intent. Mr. Heath further asserts he had no knowledge of the alleged theft of funds by Mrs. Heath.

This Court has reviewed the State Court Ruling. It states that the claims asserted included "an alleged breach of a covenant not to compete, breach of contract relative to sick pay and vacation pay, alleged theft of corporate funds and alleged tortious interference with business expectancy and/or business advantage." State Court Ruling at 2. Except for the alleged theft, none of these claims requires a finding of fraud. Other than the discussion regarding the $6,293.39 portion of the judgment based on Mrs. Heath's alleged theft, which Debtors concede is excepted from Mrs. Heath's discharge, the remainder of the Ruling does not address any of the elements of § 523(a)(2)(A). The State Court's conclusions rest on its finding that Debtors improperly payed themselves unused sick leave and vacation pay.

With the lack of any findings regarding the elements of § 523(a)(2)(A), and in light of Debtors' Affidavits, the Court concludes that genuine issues of material fact exist which preclude summary judgment. The elements of § 523(a)(2)(A) were not presented or ruled upon in the State Court action. See, e.g., In re Binns, 328 B.R. 126, 131 (B.A.P. 8th Cir. 2005) (concluding that where the elements of an exception from discharge are neither presented or ruled upon in a state court action, it has no collateral estoppel effect); In re Garretson, 377 B.R. 214, 221 (Bankr. E.D. Ark. 2007) (same). Plaintiff was not required to prove the debt was excepted from discharge in the State Court action, but it has the burden to do so in this proceeding. As such, Plaintiff is not entitled to summary judgment.

3

**WHEREFORE**, Plaintiff's Motion for Summary Judgment is GRANTED IN PART AND DENIED IN PART.

**FURTHER**, as conceded by Debtor, $6,293.39 of the State Court Judgment is excepted from Debtor Brenda Heath's discharge.

**FURTHER**, the remainder of the relief requested in Plaintiff's Motion for Summary Judgment is denied.

DATED AND ENTERED: April 13, 2009

_/s/ Paul J. Kilburg_

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE